In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 23-2796

MORGAN MORALES,

*Plaintiff-Appellant,*

*v.*

MARTIN J. O'MALLEY, Commissioner of Social Security,

*Defendant-Appellee.*

---

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:22-cv-01834-KMB-RLY — **Kellie M. Barr**, *Magistrate Judge.*

---

SUBMITTED APRIL 23, 2024 — DECIDED MAY 31, 2024

---

Before EASTERBROOK, SCUDDER, and KIRSCH, *Circuit Judges.*

SCUDDER, *Circuit Judge.* Morgan Morales challenges an administrative law judge's determination that she is not disabled and therefore not entitled to Social Security disability benefits. We have no difficulty affirming, as abundant evidence supports that decision. But we want to underscore a few important points in response to Morales's appeal. Perhaps foremost, Morales misunderstands the burden she bears on appeal: It is not enough to criticize the ALJ's decision about

her functional capacity to work. She must point to evidence compelling the conclusion that the adverse disability decision lacks substantial support in the record.

This appeal also warrants renewing our related observation in *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024), that ALJs are "subject to only the most minimal of articulation requirements"—an obligation that extends no further than grounding a decision in substantial evidence. The same holds true for district courts who themselves see meaningful numbers of appeals from adverse administrative disability determinations. A district (or magistrate) judge need only supply the parties (and us, if a further appeal is pursued) with enough information to follow the material reasoning underpinning a decision. In no way does that obligation require recording or repeating accurate information already supplied by an ALJ. We say all of this not just to encourage efficiency, but to help ensure a focus on what matters most—the substance of disability decisions challenged on appeal.

## I

Morales applied for benefits in 2020, alleging ongoing disability caused by several conditions, including bipolar disorder, depression, anxiety, ADHD, and narcolepsy. After staying in an inpatient mental health treatment center in 2019, she started on prescription medications to better manage her conditions. Morales reported that the medication helped to stabilize her mood, anxiety, and sleep disorder, with her attorney then saying during the disability determination hearing that those conditions were in remission.

The ALJ denied Morales's application for benefits. After finding mild mental limitations and a severe impairment

from her sleep disorder, the ALJ determined that Morales's mild mental impairments did not limit her ability to perform basic work activities, including her past job as a material handler.

## II

### A

Morales tells us that she challenges the ALJ's residual functional capacity finding. But she never moves beyond insisting the determination is inaccurate. Nowhere does she identify what evidence the ALJ overlooked or discounted, nor does she explain how the RFC determination should have been different. Even more, Morales seems to resist that she bears this evidentiary burden on appeal. She is mistaken.

It is not enough to nitpick the ALJ's order. To warrant reversal, Morales must show that the ALJ's determination was not supported by substantial evidence. See *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021). And there is no way to satisfy that burden without grappling with the evidence: Morales must demonstrate with references to evidence why the ALJ's determinations lack substantial support in the administrative record. We cannot do that work for her. Indeed, time and again we have underscored that our role as a court of review is not to "reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination." *Id.*

In the final analysis, the ALJ's determination reflected adequate consideration of Morales's medical history (as documented in her medical records), the evaluation from her treating nurse practitioner, the assessments of several experts, and Morales's own testimony. Based on this evidence, the ALJ

reasonably determined that Morales's mental limitations were mild and did not warrant or require any functional limitations. The ALJ also reasonably determined that Morales would be able to perform her past work as a material handler.

B

The second front of Morales's appeal is one that surprises us, for she takes to criticizing the district court's decision—actually, a decision entered by a magistrate judge presiding by consent of the parties. See 28 U.S.C. § 636(c). We say surprise because our focus is on Morales's challenge to the ALJ's denial of benefits. See *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153–54 (2018). Put another way, our review is of the ALJ's decision, aided by the intermediate review first conducted by the district court. See *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

Regardless, Morales's criticism of the magistrate judge's opinion misses the mark. She insists, for example, that the magistrate judge erred by "improperly adopting" the Commissioner's arguments, finding that Morales had not carried her burden of proof, and not remanding for further explanation from the ALJ.

These contentions fall flat, for anyone reading the challenged opinion would see that the magistrate judge conducted an adequate review of the ALJ's determination and correctly applied the law. District courts and magistrates shoulder no obligation whatsoever to conform their opinions to any particular template or to produce decisions of any particular length. As the magistrate judge here properly recognized, her role was limited to ensuring that substantial evidence supported the ALJ's decision and that the ALJ applied

the correct legal standards. See *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018).

The magistrate judge here did just that. Her analysis addressed Morales's primary challenges to the ALJ's decision with clarity and efficiency. There certainly was no need for the magistrate to recreate (by retyping) Morales's medical history or to repeat unnecessary background facts. As long as we can follow the magistrate judge's reasoning—and here we can do so with ease—nothing else is necessary.

For these reasons, we AFFIRM.